IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE AGUILERA-QUINJANO, | : | 4:96-CR-00201 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent. | : | |
| | : | |

**MEMORANDUM**

May 13, 2015

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 and supporting memorandum filed by Freddie Aguilera-Quinjano ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill ( "FCI- Schuylkill"), Pennsylvania.  ( ECF No. 463).  For the reasons which follow, the petition will be dismissed for lack of jurisdiction.

**I. BACKGROUND**

In the instant petition, the Petitioner challenges the sentence imposed by the United States District Court for the Middle District of Pennsylvania.  ECF No. 463. The Petitioner was indicted on charges of conspiring to possess with intent to

distribute a controlled substance in violation of 21 U.S.C. § 846, and the federal aiding and abetting statute, 18 U.S.C. §2. The Petitioner claims that the sentencing enhancement imposed on him via 841(b)(1)(A) is erroneous under newly interpreted law. In support of his claim, he relies on *Burrage v. United States*, 571 U.S. 881, 134 S.Ct. 881, 187 L.Ed. 715 (2014). He argues that *Burrage* sets forth a substantive change to the interpretation of 21 U.S.C. §§ 846 and 841(a)(1) and subsequent connection to 841(b). This "substantive change" was not available to him at the time of his conviction, appeal or prior 28 2255 motion and would directly affect his sentence as it makes former sentencing factors in 841(b) elements of the offense in §846.

In the *Burrage* case, the Petitioner states that the United States Supreme Court held that the congressionally established facts noted in §841(b) are not mere factors to be used for sentencing purposes, but are actually elements of an aggravated offense. Therefore, the Petitioner claims that at the time he entered his guilty plea none of the elements of an aggravated offense in §§ 846 and 841(a)(1) were of issue and his guilty plea did not actually rest on a determination of the identity of the controlled substance. Furthermore because the petit jury did not find a §841(b) fact beyond a reasonable doubt, his sentence should not have been enhanced above the statutory maximum of a year. *See* §841(b)(3). The Petitioner contends that *Burrage* recognized a new

constitutional right that has been "retroactively applicable to cases on collateral review." 28 U.S.C. § 2555(f)(3). For these reasons, he seeks release from custody.

**II. Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed 2d 109 (1974); *O'Kereke v. United States,* 307 F.3d 117, 122-23 (3d Cir. 2002).

Congress amended § 2255 as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and placed strict limits on a district court's power to entertain second or successive §2255 motions. Specifically, a district court lacks jurisdiction over any second or successive motion unless a three-judge panel of the appropriate court of appeals has certified that the motion raises either:(1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged; or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. §2255.

This is not the Petitioner's first motion for relief under §2255. ECF No. 382.

The Petitioner has not filed an authorizing certification from the United States Court of Appeals for the Third Circuit regarding this successive 2255 motion. As a result, this Court lacks jurisdiction to consider the motion and the Court's "only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 USC §1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Section 1631 provides that a district court lacking jurisdiction over a case "shall, if it is in the interests of justice, transfer such action ... to any other court in which the action ... could have been brought at the time it was filed." To decide whether it would be "in the interests of justice" to transfer a motion under § 2255, a district court is empowered to undertake a "limited review of the merits" of the motion. *Phillips v. Seiter,* 173 F.3d 609, 611 (7th Cir.1999). If that review reveals that "the case is a sure loser" in the court of appeals, then the district court "should dismiss the case rather than waste the time of another court" by transferring it. *Id.* Accordingly, before transferring the instant motion, this Court is obliged to consider whether it falls "within the gate keeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *Hatches v. Schultz,* 381 F. App'x 134, 137 (3d Cir.2010)

Upon consideration of *Burrage,* the Court concludes that the case does not recognize a new constitutional right that has been made retroactively applicable to

cases on collateral review. *See United States v. Winkelman,* 746 F.3d 134, 136 (3d Cir.2014)("A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"*(quoting Tyler v. Cain,* 533 U.S. 656, 663, 121 S.Ct 2478, 150 L.Ed 632 (2001))); *Spirk v. Krueger,* 2013 WL 5876163 (M.D.Pa.2013) (Conaboy, J.). *See also, United States v. Solomon,* No. 2:05-CR-0350, 2014 WL 3402010, at *1-2 (W.D. Pa. July 10, 2014)( determining that *Burrage* did not recognize a new constitutional right that has been made applicable to cases on collateral review.); *Thai v. Warden Lewisburg USP,* No. 14 3928, 2015 WL 1567162, at *1 (3d Cir. 2015) (*Burrage* did not contain directions indicating that a new, retroactive, rule of constitutional law was announced by the Supreme Court.) Therefore, the motion will be dismissed for lack of jurisdiction rather than transferred to the Third Circuit for further review and consideration.

When a district court denies a habeas petition on procedural grounds, a Certificate of Appealability should be issued only when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In the present matter, the

Court will deny a certificate of appealability because jurists of reasons would not debate whether the Court properly resolved the issue presented.

### III. Conclusion

Accordingly, the instant §2255 motion is DISMISSED for lack of jurisdiction, and a Certificate of Appealability is DENIED. An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge